IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| RICKY BORDEN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 5:16cv161 |
| WARDEN ROBERT PAGE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Ricky Borden, a former prisoner of the Bowie County Correctional Center, filed this civil action complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the case pursuant to 28 U.S.C. 636(c).

The named defendants in the lawsuit, officials at the Bowie County Correctional Center, are: Warden Robert Page; Captain Sherdona Walker; Lt. Kerry Manning; and, Officer Tina Washington.

**I. The Governing Law**

In his original and amended complaints (docket no.'s 1 and 5), Plaintiff alleged he had to go to the hospital and when he returned, his radio was missing from his property. The Defendants have filed a motion for summary judgment. On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994); General Electric Capital Corp. v. Southeastern Health Care, Inc., 950 F.2d 944, 948 (5th Cir. 1992); Fed. R. Civ. P. 56.

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case;

unsubstantiated assertions of actual dispute will not suffice. Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the defendant has shifted the burden to the plaintiff by properly supporting his motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact it could not support a judgment in favor of the non-movant. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. Adams v. Traveler's Indemnity Co., 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record which supports the challenged claims and articulate the precise manner in which the evidence supports the challenged claim. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show a genuine factual issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**II. The Plaintiff's Claims**

In his original and amended complaints, Plaintiff states on May 31, 2016, he was rushed to the emergency room at Wadley Regional Medical Center, where he remained for four days. He returned to the Bowie County Correctional Center on June 3, 2016.

When he went to get his property, he discovered his radio was not in it and the hole in the property box where the lock goes had been cut out. He wrote a grievance on Lt. Manning, Lt. Charpentier, and Officer Allen, and it took Captain Walker seven days to answer the grievance. All Captain Walker did in answering his grievance was give a description of the radio, which did not answer his grievance.

Plaintiff states he asked around and some other prisoners told him the officer did not pack Plaintiff's property but had two inmates pack it. The prisoners also told him it took the officer 30 minutes to get a cart for Plaintiff's property, meaning the area was not secured like it should have been.

Plaintiff further states he has asked some of the lieutenants, as well as Officer Washington, to take photos of his property box so the warden could see the box had been broken into, but they have told him they cannot do so unless the warden said to do it. He complains the officer did not do his job and secure Plaintiff's property, and his radio was stolen as a result.

### III. The Defendants' Motion for Summary Judgment

In their motion for summary judgment, Defendants argue Plaintiff does not have a cause of action for negligent deprivation under 42 U.S.C. §1983. They contend Plaintiff apparently claims the Defendants are vicariously liable for the actions of the officer who allegedly failed to secure Plaintiff's property, but assert such a claim has no basis in law because Plaintiff has available state remedies. Plaintiff did not file a response to the motion for summary judgment.

### IV. Legal Standards and Analysis

The Supreme Court has stated the Due Process Clause of the Fourteenth Amendment is not implicated by a negligent act of an official causing unintended injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327, 331-33 (1986). Complaints by prisoners for negligence on the part of prison officials, even where serious injury occurs, do not set out a valid claim under the Civil Rights Act even if such complaints could be valid under state law. *See* Bowie v. Procunier, 808 F.2d 1142, 1142 (5th Cir. 1987). To the extent Plaintiff contends the Defendants' negligence or lack of due care resulted in the theft of his radio, his claim is without merit.

Nor has Plaintiff set out a constitutional claim for the loss of the radio itself. The doctrine of Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (overruled in part on grounds not relevant here) and Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), known collectively as the *Parratt/Hudson Doctrine*, states a random and unauthorized

deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See* Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). Three pre-deprivation conditions must exist before the doctrine can be applied. These are: (1) the deprivation be unpredictable; (2) pre-deprivation process be impossible, making any additional safeguard useless; and (3) the conduct of the state actor be unauthorized. Where these conditions exist, the State cannot be required to do the impossible by providing pre-deprivation process. Charbonnet v. Lee, 951 F.2d 638, 642 (5th Cir. 1992), *citing* Zinermon v. Burch, 494 U.S. 113, 129, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996).

Hudson holds deprivations of property by prison officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided an adequate state post-deprivation remedy exists. Hudson, 468 U.S. at 533. The Texas state judicial system provides an adequate state post-deprivation remedy. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). The existence of this state post-deprivation remedy forecloses Plaintiff's claim for the deprivation of his property.

Plaintiff also complains about the responses he received to his grievances. The Fifth Circuit has stated inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction and there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also* Edmond v. Martin, 100 F.3d 952, 1996 U.S. App. LEXIS 29268 (5th Cir., Oct. 2, 1996) (prisoner's claim a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, 31 F.App'x 153, 2001 U.S. App. LEXIS 28101 (5th Cir., December 11, 2001) (same). This claim has no merit.

The Defendants' answer also raised the defense of qualified immunity. This defense protects government officials from liability for monetary damages in their individual capacities insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Thompson v. Mercer, 762 F.3d 433, 436-37 (5th Cir. 2014).

Claims of qualified immunity require a two-step analysis, which may be done in either order: first, the court determines whether a constitutional right would have been violated on the facts alleged, and second, whether the right was clearly established at the time of the alleged violation. Kitchen v. Dallas County, 759 F.3d 468, 476 (5th Cir. 2014).

After the defendants properly invoke qualified immunity, the plaintiff bears the burden to rebut its applicability. Kovacic v. Villareal, 628 F.3d 209, 211 (5th Cir. 2010). Such a rebuttal requires a showing all reasonable officials, similarly situated, would have known the defendants' acts violated the Constitution. Tamez v. Matheny, 589 F.3d 764, 770 n.2 (5th Cir. 2009); Thompson v. Upshur County, 245 F.3d 447, 460 (5th Cir. 2001). Even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. Jones v. Collins, 132 F.3d 1048, 1052 (5th Cir. 1998). Conclusory allegations are insufficient to overcome the qualified immunity defense. Williams-Boldware v. Denton County, Texas, 741 F.3d 635, 643-44 (5th Cir. 2014).

Plaintiff failed to show the Defendants' actions violated any clearly established constitutional or statutory rights of which a reasonable jail official would have been aware, nor that her actions were objectively unreasonable in light of clearly established law. He has failed to meet his burden of rebutting the applicability of the qualified immunity defense. Because no disputed issues of material fact exist and the Defendants are entitled to judgment as a matter of law, their motion for summary judgment should be granted.

**V. Conclusion**

A review of the pleadings and the competent summary judgment evidence in this case, viewed in the light most favorable to the Plaintiff, show there are no disputed issues of material fact and the Defendants are entitled to judgment as a matter of law. Perez v. United States, 312 F.3d 191, 193 (5th Cir. 2002). It is accordingly

**ORDERED** the Defendants' motion for summary judgment (docket no. 13) is **GRANTED**. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 27th day of October, 2017.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE